UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, | ) | CV F 05 0119 AWI SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE REGARDING |
| | ) | PETITIONER'S MOTION TO AMEND |
| v. | ) | [Doc. #10] |
| | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| RICHARD J. KIRKLAND, Warden, | ) | EXTENSION OF TIME |
| | ) | [Doc. #12] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 20, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On February 25, 2005, the Court issued an order directing Respondent to file a response to the petition. On April 20, 2005, Petitioner filed a motion requesting the petition be amended to include the following new claim: Petitioner alleges he was denied counsel at a critical stage in the proceedings, to wit, during formal sentencing. On May 26, 2005, Respondent filed a motion requesting an extension of time to file a response to the petition.

# DISCUSSION

I.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*

> *that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner requests the petition be amended to include his new claim. However, Petitioner does not state whether the claim has been presented to the highest state court. If Petitioner has not presented the claim to the California Supreme Court, the claim cannot be amended into the instant petition. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented the claim to the California Supreme Court and simply neglected to inform this Court. Thus, Petitioner must inform the Court if the claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

II.  <u>Extension of Time</u>

Respondent has filed a request for an extension of time in which to file a response to the petition. Accordingly, good cause having been presented to the Court and good cause appearing therefor, Respondent is GRANTED an extension of time of thirty (30) days to and including **June 30, 2005**, to file a response.

## ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why his request should not be denied for failure to exhaust state remedies. Petitioner is ORDERED to inform the Court whether his claim has been presented to the California Supreme Court within thirty (30) days of the date of service of this order. Failure to follow this order will result in denial of his motion to amend.

In addition, Respondent's motion for an extension of time is GRANTED. A response to the

petition is due on or before **June 30, 2005**.

IT IS SO ORDERED.

**Dated:     June 1, 2005**                                    /s/ **Sandra M. Snyder**
icido3                                                                UNITED STATES MAGISTRATE JUDGE