# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, ) | 1:05-CV-00119 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO AMEND PETITION TO |
| v. ) | INCLUDE ADDITIONAL CLAIM |
| ) | [Doc. #10] |
| RICHARD J. KIRKLAND, Warden, ) | |
| ) | ORDER DENYING PETITIONER'S |
| Respondent. ) | REQUEST TO OPEN DISCOVERY |
| ) | [Doc. #14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 20, 2005, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on February 25, 2005, the Court issued an order directing Respondent to file a response to the petition. On April 20, 2005, Petitioner filed a motion to amend the petition and add a new claim, to wit, that he was denied counsel at a critical stage of the proceedings. On June 2, 2005, the Court issued an order directing Petitioner to show cause why his request should not be denied for failure to exhaust state remedies. On June 24, 2005, Petitioner filed a response to the order to show cause.

In addition, on June 6, 2005, Petitioner filed a motion to open discovery.

**DISCUSSION**

I.  Exhaustion of Additional Claim

In his response to the order to show cause, Petitioner "concedes this claim was never briefed in his state habeas corpus under this specific factual proceeding." Nevertheless, Petitioner contends the claim is exhausted because appellate counsel argued to the appellate court that the trial court abused its discretion during sentencing. Petitioner argues the claim was fairly presented under this pretense. This Court is not persuaded. As discussed in the order to show cause, a petitioner must satisfy the exhaustion requirement by showing that the highest state court was provided with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  To make such a showing, Petitioner must demonstrate that he has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Here, Petitioner readily admits that he has not. To begin with, Petitioner acknowledges that the Court directed him "to furnish his state habeas corpus that addresses this claim and the court's opinion denying this ground, or the court would rule this claim as unexhausted." Yet, Petitioner did not do so. The Court must make the determination whether the claim has been fairly presented, not Petitioner. Moreover, to fairly present a claim, Petitioner must make the factual and legal basis readily apparent to the state courts. To say that a claim is somewhat related to another claim, or that it is hidden within another claim, is not fair presentation. Therefore, the Court finds the instant claim to be unexhausted.

Petitioner requests that the Court waive exhaustion on the instant claim because circumstances exist that render such process ineffective to protect Petitioner's rights. See 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner argues that the state courts will likely deny his claim; therefore, the process is ineffective. The Court is not persuaded. The fact that there is a probability the claim will be denied does not render the process ineffective. The remedy remains available to Petitioner. It is possible the state court will find the claim is procedurally defaulted in which case this Court would likely be procedurally barred from hearing the claim; however, the process is not ineffective.

II.  Request for Discovery

On June 6, 2005, Petitioner requested discovery of "all questions, letters, interrogatories and documents sent to trial and appellate counsel regarding these proceedings and their reply in a timely manner." He states the discovery will help speed his responses to Respondent's answer.

"The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.

Petitioner does not demonstrate good cause for his request.  Certainly, Respondent will be required to serve Petitioner with his answer and all supporting exhibits when he files his answer with the Court.  The rest of the documentation Petitioner requests is unnecessary. With respect to Petitioner's time concerns, if Petitioner finds he requires more time to file his traverse, he may request an extension of time with the Court.  Accordingly, Petitioner's request for discovery is DENIED.

///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to amend the petition to include an additional claim is DENIED, and Petitioner's motion for discovery is DENIED.

IT IS SO ORDERED.

**Dated:   July 14, 2005**                     /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE