UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO FOSSELMAN, | ) | 1:05-CV-00119 AWI SMS HC |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS |
| v. | ) ) | [Doc. #19] |
| RICHARD J. KIRKLAND, Warden, | ) ) | |
| Respondent. | ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On January 20, 2005, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on February 25, 2005, the Court issued an order directing Respondent to file a response to the petition. On April 20, 2005, Petitioner filed a motion to amend the petition and add a new claim, to wit, that he was denied counsel at a critical stage of the proceedings. On June 2, 2005, the Court issued an order directing Petitioner to show cause why his request should not be denied for failure to exhaust state remedies. On June 24, 2005, Petitioner filed a response to the order to show cause. On July 15, 2005, the Court denied Petitioner's motion to amend the petition.

On July 25, 2005, Petitioner filed a motion to hold the exhausted claims in abeyance and stay the proceedings while Petitioner returns to state court to exhaust his state remedies with respect to his one unexhausted claim.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the Court does not find good cause to excuse Petitioner's failure. Petitioner had multiple opportunities to present this claim to the state courts: he could have raised it in his petition for review to the California Supreme Court on June 25, 2003, or in the subsequent round of collateral review in the state courts. In each instance, he failed to do so. Staying the case at this juncture in order to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:   August 1, 2005**                    /s/ Sandra M. Snyder
icido3                                          UNITED STATES MAGISTRATE JUDGE