# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD J. KIRKLAND,<br><br>    Respondent. | 1:05-CV-0119 AWI SMS HC<br><br>ORDER DENYING MOTION FOR<br>EVIDENTIARY HEARING<br><br>[Doc. #38] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 20, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On September 1, 2005, Respondent filed an answer to the petition. On October 14, 2005, Petitioner filed a traverse to the answer.

On October 31, 2005, Petitioner filed a motion for an evidentiary hearing.  Petitioner seeks an evidentiary hearing with respect to one of the claims he raises in his petition. Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is

required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

    In this case, the Court has not yet conducted a full review of the state proceedings. Therefore, an evidentiary hearing at this time would be premature. Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible. The Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest. Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary. Accordingly, Petitioner's motion for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

**Dated:   November 16, 2005**          **/s/ Sandra M. Snyder**
icido3                                  UNITED STATES MAGISTRATE JUDGE