# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO FOSSELMAN, ) | 1:05-CV-00119 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #53] |
| ) | |
| v. ) | ORDER DENYING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| RICHARD J. KIRKLAND, Warden, ) | TO ENTER JUDGMENT |
| ) | |
| Respondent. ) | ORDER DECLINING TO ISSUE |
| ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 29, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 5, 2008, Petitioner filed objections to the Findings and Recommendation.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

   In the objections, Petitioner focuses on his ineffective assistance of counsel claim by arguing that Petitioner's counsel either failed to appear at the line up or gave Petitioner incorrect information about the line up.   Petitioner's basis is the fact that it was later revealed that Witness Torres had been at the line up, but was taken out of the room to look at photographs; Yet Petitioner's counsel told Petitioner that Witness Torres had not attended the line up.  Having reviewed the objections there does seem to be some debate on whether Petitioner's counsel knew Witness Torres came to the line up, but looked at pictures rather than staying for the line up.   It is unclear if Witness Torres left prior to the arrival of Petitioner's counsel or if Petitioner's counsel did not properly explain that Witness Torres had appeared for the line up but never identified anyone.   Regardless, Petitioner has failed to show any prejudice.   Petitioner has not provided any evidence that the line up was somehow improper.  Petitioner has also not provided any evidence that the fact he did not originally know Witness Torres was present at the line up for a short time resulted in Petitioner making harmful decisions in the case.    Petitioner has simply not shown that the California State Courts refusal to grant relief on his ineffective assistance of counsel claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law.

   The objections next discuss the trial court's failure to grant Petitioner's  Marsden motions. Petitioner focuses on trial counsel's failure to obtain a 911 tape as one of the primary reasons for his Marsden motions.   The record reveals that there was a mis-communication between Petitioner and his counsel concerning which 911 tape Petitioner wanted counsel to obtain.    Once Petitioner's counsel understood the tape at issue, she attempted to obtain it, albeit unsuccessful.   Not granting Petitioner's Marsden motion based on such a misunderstanding does not clearly violate the Constitution.    In addition, Petitioner has failed to provide evidence or argument as to what information was on the 911 tape that would have assisted Petitioner's case.

1      The objections next contend the trial court erred in not ruling on a Marsden motion made on
2 December 1, 1999.   The evidence reveals that on this date Petitioner gave the trial court a letter.
3 Petitioner claims this letter was a Marsden motion.   Petitioner argues that the trial court should not
4 have simply denied the request in the letter without further hearing.   This letter follows up on
5 Petitioner's earlier complaint that Petitioner's counsel did not obtain the 911 tape.   Petitioner claims
6 the letter informed the trial court that the 911 tape had been destroyed.   Petitioner provides no
7 evidence that this letter contained any information concerning any new disputes with counsel.
8 Rather, Petitioner simply provided the court with updated information about the result of counsel's
9 failure to timely obtain the 911 tape.   The court does not find that the state court's denial of relief
10 based on the trial court's failure to have a full Marsden hearing upon receipt of this letter was
11 contrary to clearly established federal law.   This letter did not provide any new reason why trial
12 counsel should be excused.   The issue of counsel's failure to obtain the 911 tape had already been
13 considered and rejected by the trial court as a reason to appoint new counsel.   Thus, the objections
14 provide no basis to not adopt the Findings and Recommendations.
15      Petitioner next contends that the trial court should have relieved his counsel when counsel
16 brought someone from her staff, Ms. Paul, to sit between Petitioner and Petitioner's counsel during
17 trial.   Petitioner claims that the very fact counsel expressed the need to have a buffer between her
18 and Petitioner shows their communication had broken down.   The problem with this contention is
19 that there is no evidence or argument that Petitioner ever asked for a new attorney based on counsel's
20 statements as to why Ms. Paul was in attendance.   Petitioner's Marsden motion was made earlier.
21      Finally, Petitioner objects to the Magistrate Judge's finding that Petitioner never made a
22 formal motion to represent himself.   Petitioner claims he sent a letter to the court asking the court to
23 allow him to represent himself.   The court cannot find that the state court violated clearly
24 established law by not construing this letter as a formal motion.   Absent a formal motion, either
25 written or oral, the trial court did not violate the Constitution by failing to address Petitioner's
26 motion to represent himself.
27      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
28 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

       (B) the final order in a proceeding under section 2255.

       (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

       (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued January 29, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     **June 12, 2008**                                         **/s/ Anthony W. Ishii**
                                                                  UNITED STATES DISTRICT JUDGE